IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

OHIO VALLEY ENVIRONMENTAL
COALITION,
WEST VIRGINIA HIGHLANDS
CONSERVANCY, INC. and
SIERRA CLUB,

                      Plaintiffs,

v.                                      CIVIL ACTION NO.  3:15-0277

GINA MCCARTHY, in her official capacity
as Administrator, United States Environmental
Protection Agency and
SHAWN M. GARVIN, in his official capacity
as Regional Administrator, United States
Environmental Protection Agency Region 3,

                      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the United States' Motion to Dismiss Complaint (ECF No. 5) and Plaintiffs' Motion for Stay of Proceedings (ECF No. 8).  For reasons explained below, Plaintiffs' Motion for Stay of Proceedings is **GRANTED**, and Defendants' Motion to Dismiss is **GRANTED**, in part, and **DENIED**, in part.  Specifically, Defendants' Motion to Dismiss is granted with respect to Count One and denied with respect to Count Two.

**I.**      **BACKGROUND**

On June 17, 2009, Plaintiffs Ohio Valley Environmental Coalition, West Virginia Highlands Conservancy, and Sierra Club submitted a petition to the Environmental Protection Agency ("EPA") requesting that the EPA "evaluate the systemic failure of West Virginia to

administer and enforce the National Pollutant Discharge Elimination System program and to withdraw the delegation of the program from the West Virginia Department of Environmental Protection." Compl. ¶3, ECF No. 1; June 17, 2009 Petition, ECF No. 1-1. Plaintiffs later provided the EPA with supplements to the June 17th Petition on July 31, 2009 (ECF No. 1-2) and November 13, 2009 (ECF No. 1-3).

On January 7, 2015—over six and one half years after filing their Petition—Plaintiffs filed a two-count Complaint against Defendants Gina McCarthy, Administrator of the EPA, and Shawn Garvin, Regional Administrator of the EPA Region III (collectively, "EPA" or "Defendants"). *See* Compl., ECF No. 1. In Count One, Plaintiffs assert a claim under the citizen suit provision of the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(2). *Id.* at ¶¶40–44. Plaintiffs allege that the EPA failed to perform its nondiscretionary duty under CWA Section 402(c)(3), 33 U.S.C. § 1342 (c)(3), and 40 C.F.R. § 123.64 (b)(1), to respond in writing to their administrative petition seeking withdrawal of West Virginia's National Pollutant Discharge Elimination System ("NPDES") permit program. *Id.* In Count Two, Plaintiffs allege that the EPA's failure to timely respond to their petition also constitutes "agency action unlawfully withheld or unreasonably delayed," in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). *Id.* at ¶¶45–49.

Defendants move to dismiss the Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss and Supp. Mem., ECF Nos. 5 and 6. After first setting out the standard of review in Section II, the Court will consider Plaintiffs' CWA claim in Section III and Plaintiffs' APA claim in Section IV.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims

brought before it. It is axiomatic that a court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: "facial attacks" and "factual attacks." *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir.1986), *rejected on other grounds*, *Sheridan v. United States*, 487 U.S. 392 (1988). A "facial attack" questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction. *Id*. On the other hand, a "factual attack" challenges the truthfulness of the factual allegations in the complaint upon which subject matter jurisdiction is based. Here, Defendants raise a facial attack under Rule 12(b)(1), and therefore the court must accept the allegations in the complaint as true and decide if the complaint is sufficient to confer subject matter jurisdiction. *Id*.

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Id.* (citation omitted).

### III. COUNT ONE UNDER THE CLEAN WATER ACT

Under the CWA's citizen suit provision, district courts only have subject matter jurisdiction where there is a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary." 33 U.S.C. § 1365(a)(2). In light of that jurisdictional limitation, Defendants argue that Plaintiffs' CWA claim fails to state a claim for relief because the CWA does not impose a nondiscretionary duty to respond to petitions submitted under Section 402(c)(3).

If there is a nondiscretionary duty to be found, it must be found in Section 402(c)(3) of the CWA,[1] which reads:

> *Whenever the Administrator determines after public hearing* that a State is not administering a program approved under this section in accordance with requirements of this section, he shall so notify the State and, if appropriate corrective action is not taken within a reasonable time, not to exceed ninety days, the Administrator *shall* withdraw approval of such program. The Administrator shall not withdraw approval of any such program unless he shall first have notified the State, and made public, in writing, the reasons for such withdrawal.

33 U.S.C. § 1342(c)(3) (emphasis added). In support of Plaintiffs' read of Section 402(c)(3), there is limited authority finding that the CWA thereby imposes a nondiscretionary duty to respond to petitions. *See e.g. Save the Valley, Inc. v. EPA*, 99 F.Supp.2d 981, 985–86 (N.D. Ind. 2000) (reading the "CWA to impose a mandatory duty on the Administrator to make the requisite finding or determination when he becomes aware of such violations as articulated in § 1319(a)(2)"); *Save the Bay, Inc. v. EPA*, 556 F.2d 1282, 1289–90, n.8 (5th Cir. 1977) (including a suggestion by EPA at oral argument that "EPA failure to respond to a request for revision" of a state permit program may be redressed through a citizen suit "for failure to perform a non-discretionary duty").

That said, the weight of authority instead suggests that the duty at issue here is a discretionary duty, and therefore no redress can be had through a citizen suit. *See e.g.*, *Sierra Club v. EPA*, 377 F.Supp.2d 1205, 1209 (N.D. Fla. 2005) (commenting on the split of authority and finding that the "better reasoned" opinions find no nondiscretionary duty to respond); *Altman v. United States*, 2004 WL 3019171 (W.D.N.Y. Dec. 30, 2004) (dismissing action upon concluding that § 1342(c)(3) "does not compel the EPA either to hold a hearing or to make . . . a determination

---

[1] Though not addressed by the Fourth Circuit, the Court agrees with analogous reasoning offered by the First Circuit in the context of a Clean Air Act citizen suit, observing that the citizen suit provision requires a statutory—as opposed to regulatory—nondiscretionary duty. *Maine v. Thomas*, 874 F.2d 883 (1st Cir. 1989).

by any specific time, indicating that the withdrawal provision is discretionary."); *Weatherby Lake Improvement Co. v. Browner*, 1997 WL 687656 (W.D. Mo. Apr. 17, 1997) (dismissing action brought pursuant to § 1342(c)(3) upon finding that EPA authority to withdraw state NPDES permitting authority is discretionary).

Ultimately, this Court agrees that based on the plain terms of the statute, the CWA does not impose a mandatory duty on the EPA to respond to a petition brought pursuant to § 402(c)(3). The statute makes no attempt to specify when, if ever, the EPA must hold a public hearing or when, if ever, the EPA must make a determination regarding the adequacy of a state NPDES permit program. *See Sierra Club v. Thomas*, 828 F.2d at 791 ("In the absence of a readily-ascertainable deadline . . . it will be almost impossible to conclude that Congress accords a particular agency action such high priority as to impose . . . a 'categorical [] mandate' that deprives [the agency] of all discretion over the timing of its work."). "The most that could be said is that the EPA must make a reasonably inquiry, and must do so within a reasonable time. But these are standards that ring of discretion." *Sierra Club*, 377 F.Supp.2d at 1208 (further citing *Sierra Club v. Thomas*, 828 F.2d 783, 791 (D.C. Cir. 1987) ("[I]t is highly improbable that a deadline will ever be nondiscretionary, i.e. clear-cut, if it exists only by reason of an inference drawn from the overall statutory framework")). Because Plaintiffs allege a failure to perform what this Court finds to be a discretionary duty, Plaintiffs' CWA claim cannot proceed.

### IV. COUNT TWO UNDER THE ADMINISTRATIVE PROCEDURES ACT

Plaintiffs' second claim for relief alleges that the EPA's failure to respond to Plaintiffs' Petition constitutes "agency action unlawfully withheld or unreasonably delayed" and requests that this Court compel a response to the Petition pursuant to the APA. Though Defendants acknowledge that the APA provides a waiver of sovereign immunity with respect to Count Two,

Defendants maintain that this Court lacks jurisdiction over the substantive action Plaintiffs seek to compel through Count Two. *See* Defs.' Mem. Supp. 17 – 19, ECF No. 6.

The APA provides a waiver of sovereign immunity for review of "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. The statute further authorizes a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), or "hold unlawful and set aside agency action" if appropriate based on legal or evidentiary grounds, 5 U.S.C. § 706(2). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

"[W]here a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Telecommunications Research and Action Center ("TRAC") v. F.C.C.*, 750 F.2d 70, 75 (D.C. Cir. 1984); *see also Public Utility Com'r of Oregon v. Bonneville Power Admin.*, 767 F.2d 622 (9th Cir. 1984) (adopting the rationale of the D.C. Circuit in *TRAC*); *La Voz Radio de la Communidad v. F.C.C.*, 223 F.3d 313, 318 (6th Cir. 2000) (approvingly citing the rationale of the D.C. Cir. in *TRAC*); *In re Bluewater Network*, 234 F.3d 1305, 1310–11 (D.C. Cir. 2000) ("Where a statute commits final agency action to review by this court, we also retain exclusive jurisdiction 'to hear suits seeking relief that might affect [our] future statutory power of review.' This includes mandamus actions challenging an agency's unreasonably delay.").

Here, Plaintiffs seek to compel an EPA decision on their petition to withdraw EPA approval of West Virginia's NPDES program. Ultimately, such a decision is subject to review only in the Courts of Appeals. 33 U.S.C. §1369(b)(1)(D) ("Review of the Administrator's action . . . in making any determination as to a State permit program submitted under section 1342(b) . . .

may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts business which is directly affected by such action upon application by such person."); *see e.g., Save the Bay, Inc. v. Administrator of EPA*, 556 F.2d 1282, 1288 (5th Cir. 1977) (finding that, under § 1369(b)(1)(D), the Fifth Circuit "would have original jurisdiction to review EPA's decision to revoke or not to revoke [Mississippi's] NPDES authority."); *Sierra Club v. EPA*, 377 F. Supp. 2d 1205, 1208 (N.D. Fla. 2005) ("The EPA's decision whether to withdraw Florida's NPDES authorization will be reviewable in due course in the Eleventh Circuit. And in the meantime, any unreasonable delay by the EPA in making that determination also is reviewable in the Eleventh Circuit."). As argued by Defendants, because the Court of Appeals would have exclusive jurisdiction over an eventual EPA response to Plaintiffs' petition, the Court of Appeals should also be recognized to have exclusive jurisdiction over the related question of unreasonable delay.

Though seemingly straightforward, Plaintiffs correctly point out that the law is not so perfectly settled. Plaintiffs are not seeking a review of an EPA determination regarding West Virginia's NPDES permit program. Plaintiffs complain of a failure to respond; Plaintiffs complain of inaction. *See Save the Valley, Inc. v. EPA*, 223 F.Supp.2d 997, 1001 (S.D. Ind. 2002) ("The failure to revoke a state's NPDES program when required by law is *a failure to act,* whereas the inappropriate approval of a program is *an act*. . . . Plaintiff's section 1342(c)(3) claim is not within the ambit of the very limited jurisdiction contemplated by section 1369(b)(1)."); *Save the Bay, Inc.*, 566 F2d at 1290–91, n.8 (explaining that "EPA failure to respond to a request for revision might be appealable to the district court under the judicial review provisions of the [APA], which authorize the court to compel 'agency action unlawfully withheld or unreasonably delayed.'").

Thus—even where jurisdiction for ultimate review is exclusively held by the Court of Appeals—there is some authority to suggest that a district court may properly entertain a suit alleging unreasonable delay and seeking that a court compel agency action. In addition to this troubling mix of authority, there also appears to be an absence of authority from the Fourth Circuit. Particularly in light of that silence, this Court agrees with Plaintiffs' suggestion that the prudent and efficient course is a stay of this matter, allowing Plaintiffs an opportunity to bring the APA claim directly in the Court of Appeals. Accordingly, this Court grants a stay of this action contingent on Plaintiffs bringing an appropriate action directly before the Court of Appeals within thirty (30) days of this order.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**, in part, and **DENIED**, in part. Specifically, Defendants' motion is granted with respect to Plaintiffs' CWA claim in Count One and denied with respect to Plaintiffs' APA claim in Count Two. Additionally, Plaintiffs' Motion to Stay is **GRANTED**, and the Court orders that this action be **STAYED**. The Court will lift the stay for good cause shown upon the motion of a party.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 19, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE